# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

XAVIER O. BROWN,

    Plaintiff,

v.                                                       Case No. 20-CV-1102

KELLI S. THOMPSON, JENNIFER BIAS,
and JEFFREY CANO,

    Defendants.

## SCREENING ORDER

Plaintiff Xavier O. Brown, an inmate confined at the Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. This order resolves Brown's motion for leave to proceed without prepaying the filing fee and screens his complaint.

The court has jurisdiction to resolve Brown's motion to proceed without prepaying the filing fee and to screen the complaint, in light of Brown's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**1. Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Brown was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows

the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On July 22, 2020, the court ordered Brown to pay an initial partial filing fee of $18.40. (ECF No. 6.) Brown paid that fee on August 11, 2020. The court will grant Brown's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**2. Screening the Complaint**

*2.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Brown's Allegations*

Brown alleges that on October 3, 2018, a criminal complaint was filed in Brown County Circuit Court charging him with violations of Wisconsin Statutes 943.32(2) (Armed Robbery, Party to a Crime) and 940.19(1) (Battery, Party to a Crime). (ECF No. at 1 at 2.) On September 18, 2019, Brown appeared for his initial appearance and counsel was requested. (*Id.* at 2-3.) Brown states that he appeared for initial appearances on October 30, 2019, December 4, 2019, January 15, 2020, February 12,

3

2020, and March 18, 2020, and each time the hearing was adjourned and counsel was not appointed. (*Id.* at 3.) On April 2, 2020, a public defender was appointed. (*Id.* at 4.)

Brown alleges that the Wisconsin State Public Defender did not explain the extreme delay in appointing counsel. The delay allegedly caused undue harm because a pending case excludes him from participating in prison programming and transfer to a lesser security facility or any type of lateral transfer, in violation of his constitutional rights.

Brown states that three lawyers from the Wisconsin State Public Defenders Office are liable for the delay in the appointment of counsel. Wisconsin State Public Defender Kelli Thompson allegedly knew or should have known that Brown was denied appointment of counsel until April 2, 2020, in a criminal case that was filed on October 3, 2018. Jennifer Bias, the Trial Division Director, is responsible for assuring the timely appointment of counsel and allegedly failed to do so here. And Jeffrey Cano, an Attorney Manager who maintains information on all available attorneys, allegedly ignored Brown's request for counsel.

For relief, Brown seeks compensatory and punitive damages.

*2.3 Analysis*

To state a claim under 42 U.S.C § 1983 a plaintiff must allege the deprivation of a right secured by the Constitution or the laws of United States. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 822 (7th Cir. 2009). In addition, the alleged deprivation must have been committed by a person acting under color of state law, which means the person exercised power "possessed by virtue of state law and

made possible only because the wrongdoer is clothed with the authority of state law." *Id.*; *West v. Atkins*, 487 U.S. 42, 49 (1988) Criminal defense attorneys, including public defenders, cannot be sued under § 1983 because they do not act under color of state law; they are the adversary of the State. *Polk County v. Dodson*, 454 U.S. 312, 318, 325 (1981); *see Swift v. Swift*, 556 F. App'x 509, 510-11 (7th Cir. 2014); *West v. Atkins*, 487 U.S. at 50. Thus, Brown does not state a claim against defendants Thompson, Bias, and Cano under § 1983.

Even if Brown could sue the defendants under § 1983, he does not have a constitutional right to participate in prison programming, *see Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) (quoting *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982) ("There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment.")). Also, prisoners have no liberty interest related to a transfer "from one institution to another within the state prison system." *Meachum v. Fano*, 427 U.S. 215, 225 (1976). The Court of Appeals for the Seventh Circuit has held that "transfers from one prison to another with a more adverse condition of confinement do not affect a recognized liberty interest." *Meisberger v. Cotton*, 181 F. App'x 599, 600 (7th Cir. 2006); *see also King v. Fairman*, 997 F.2d 259, 262 n.4 (7th Cir. 1993) ("an inmate has no liberty interest in confinement at any particular state prison" and "prison officials may effect discretionary transfers of an inmate without implicating the due process clause"). Thus, Brown does not state a claim for relief based on not being transferred to a lesser security prison.

Lastly, based on Wisconsin circuit court records it appears that Brown's criminal case is ongoing. *See State of Wisconsin v. Xavier Octavius Brown*, Brown County Case Number 2018CF001411, available at wcca.wicourts.gov (last visited August 27, 2020). If Brown is convicted of criminal charges, he might be able to raise a constitutional speedy trial claim as an issue on appeal of his conviction or in a federal habeas petition under 28 U.S.C. § 2254. However, he fails to state a claim for relief under § 1983.

3. Conclusion

**THEREFORE, IT IS ORDERED** that Brown's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that Brown has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $331.60 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Brown is transferred to another

6

county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brown is confined.

**IT IS FURTHER ORDERED** that a copy of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 31st day of August, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge